CIACCIO, Judge,
concurring.
The majority expresses the opinion that “The suspensive obligation to pay support was improperly incorporated into the judgment because the adoption never took *1217-1225 place.” I am of the opinion that it was not “improper” to structure the support judgment in this manner, rather, it was error for the trial judge not to recognize the effect of the suspensive condition. The settlement agreement was incorporated, by reference, into the support judgment. The obligation to support Christopher was predicated upon a suspensive condition, namely, Christopher’s adoption by Mr. Gardner. The condition never took place. Accordingly, the support judgment, as it affects Christopher is suspended until the adoption occurs.
*1216 Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.
*1217-1225 For these reasons, I respectfully concur.